UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES L. GRAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-1024 SPM |
| | ) |
| UNKNOWN ZANDLO, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Self-represented Plaintiff James Graves brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $5.40. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on this review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appointment of counsel will be denied as moot.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced state prisoner. ECF No. 1 at 3. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing an average monthly deposit of $27, over a six-month period. ECF No. 5. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $5.40, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff, an inmate at Potosi Correctional Center ("PCC"), brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three defendants associated with PCC: (1) Unknown Zandlo (PCC correctional officer); (2) D. Rhives (PCC mailroom personnel); and (3) David Vandergriff (PCC warden).  ECF No. 1 at 1-5.  The complaint is not clear on the capacity in which Plaintiff brings these claims; but as best the Court can decipher it, Plaintiff names defendant Zandlo in his individual capacity only, and defendants Rhives and Vandergriff in their individual and official capacities. *Id.*

Plaintiff alleges that he has been denied constitutional access to the courts. *Id.* at 13.  According to Plaintiff, on two dates in December 2022, Plaintiff "personally handed" envelopes to correctional officer Zandlo for mailing at PCC. *Id.* at 6-7.  On December 12, 2022, Plaintiff handed Zandlo the first envelope, which was addressed to the Missouri Supreme Court and contained Plaintiff's handwritten petition for a writ of habeas corpus, exhibits in support, and trial transcripts. *Id.* at 6.  Two days later, Plaintiff handed Zandlo a second envelope, which was addressed to the office of the Washington County circuit attorney. *Id.* at 7.

Plaintiff called the clerk's office of the Missouri Supreme Court multiple times in the subsequent weeks after handing over the envelopes to Zandlo.  Plaintiff was repeatedly informed that his mailing had not been received.  *Id.* at 8-9.  On January 25, 2023, Plaintiff wrote to the PCC mailroom, asking for a personnel roster listing who had worked on the days when Plaintiff attempted to mail his envelopes.  *Id.* at 9-10.  Plaintiff states that he did not receive a personnel roster in response.  *Id.* at 10.  Later in January, Plaintiff wrote to the PCC mailroom two more times, asking if they had received his envelopes for mailing.  *Id.*  The PCC mailroom responded: "If it came up[,] we sent it out." *Id.* at 11.  Plaintiff does not state whether he inquired at the Washington County circuit attorney's office to see if the second envelope was ever received.

On February 1, 2023, Plaintiff filed an Informal Resolution Request ("IRR") "to document the blockade of [Plaintiff's] access to the courts and to request that [his] envelopes be located." *Id.*; *see also* ECF No. 1-1 at 1.[1]  Plaintiff eventually exhausted the grievance process on his IRR by filing an Offender Grievance and Appeal.  ECF No. 1-1 at 3 & 5.  The Court notes that Plaintiff's IRR and subsequent grievance filings only mention the loss of the first envelope he handed to Zandlo on December 12th intended for the Missouri Supreme Court.  They do not reference the second, December 14th mailing to the Washington County circuit attorney.  *Id.* at 1-6.

In response to his grievance filings, Plaintiff was informed that there was no evidence that Zandlo "failed to carry out [her] duties," as Zandlo attested that all offender mail "was appropriately sorted and delivered to the mail room for processing." *Id.* at 2 & 4.  In addition, Plaintiff was reminded that he had not followed proper mail procedures "in the handling of this mail." *Id.*  Specifically, according to "Offender Mail Procedures," Plaintiff should have "place[d]

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[his] mail in the appropriate box in the housing unit," or if it was an oversized mailing, he should have "placed [it] in the pass-through device in the control module of the housing unit." *Id.* at 4. Because Plaintiff did not send the mail via certified or priority mail, there is no method to track the mailing. *Id.* at 2 & 4.

For relief, Plaintiff seeks damages totaling over 21 million dollars from each defendant. ECF No. 1 at 15. He also requests an injunction as to defendants Rhives and Vandergriff, instructing "them to follow the offender mail procedure." *Id.* at 16.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint contains no assertions as to how defendants Rhives and Vandergriff personally harmed him. Because § 1983 requires personal liability, these claims fail. However, even if Plaintiff had made allegations against these defendants, his constitutional claim of denial of access to courts must be dismissed because he does not assert an actual injury. Because of this pleading failure, Plaintiff's claims fail as to all defendants. As such, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**I.      Lack of Personal Liability: Defendants D. Rhives and David Vandergriff**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff names D. Rhives as a defendant in this matter and states his job or title as "Mailroom Personnel." ECF No. 1 at 4. However, Plaintiff never mentions Rhives in the factual

allegations of his complaint and he makes no assertions that Rhives personally violated his constitutional rights.  Liberally construing the allegations of Plaintiff's self-represented complaint, Plaintiff presumably believes that defendant Rhives was working in the mailroom on the days when he attempted to mail his envelopes.  However, Plaintiff never states this.

In addition, Plaintiff describes how he requested mailroom personnel rosters for the dates at issue, but also states that he never received them.  As such, there are no facts connecting defendant Rhives to Plaintiff's claim that he has been denied access to the courts.  Plaintiff does not even assert a connection between Rhives and the lost envelopes.  Plaintiff fails to allege that Rhives was personally involved in, or directly responsible for any violation of his rights.  Therefore, Plaintiff's claims against D. Rhives will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).  *See also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Similarly, Plaintiff makes no allegations against defendant David Vandergriff in his complaint.  Plaintiff states that Vandergriff is the PCC Warden, but he alleges no involvement by Vandergriff in his lost mail.  "[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds,* 636 F.3d at 981 (quoting *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)).

Liberally construing Plaintiff's pleadings, there is a possibility that defendant Vandergriff is the person who reviewed and denied Plaintiff's grievance filing.  *See* ECF No. 1-1 at 4 (signature could be that of 'David Vandergriff').  However, it is not enough for a person to sign and/or deny a Plaintiff's grievance filing, to state a § 1983 claim against them.  *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. ... Ruling against a prisoner on an administrative complaint does not cause or

contribute to the violation."). As such, Plaintiff's complaint also fails to state a § 1983 claim against defendant David Vandergriff.

**II.      Failure to Plead an Access-to-Courts Claim: All Defendants**

Even without the insufficient § 1983 pleadings as to defendants Rhives and Vandergriff, Plaintiff's complaint would be subject to dismissal as to all defendants because it fails to allege the required elements of an access-to-courts claim. Under the First Amendment, the freedom to petition includes the right of access to courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minnesota v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a law library or other specific resource, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 353 n.4 (1996)). Instead, the plaintiff must plead, and ultimately prove, that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative"). To state a claim for a violation of this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Here, Plaintiff alleges that he personally handed PCC correctional officer Zandlo two separate envelopes for mailing, but at least one of those envelopes was never received by the recipient. Because the recipient was the Missouri Supreme Court and Plaintiff states that the envelope contained a state habeas petition, presumably he wants the Court to assume he was injured by Zandlo's alleged failure in mailing. However, the Court will not speculate as to how Plaintiff believes he was injured. In order to state a denial of access-to-courts claim, Plaintiff must articulate exactly how he was injured. *See Myers*, 101 F.3d at 544. Plaintiff fails to do so in this case.

Furthermore, based on an independent review of Plaintiff's case filings on Missouri Case.net, the State of Missouri's online docketing system, it does not appear that Plaintiff suffered any injury from his envelope not being mailed in December 2022. Based on court records, Plaintiff resent his state habeas petition by priority mail in February 2023, and it was received and docketed by the Missouri court. *See Graves v. Vandergriff*, No. ED111439 (Mo. Ct. App. E.D. filed Feb. 16, 2023) (contesting 2006 conviction and sentence for first degree murder and armed criminal action from *State v. Graves*, No. 22051-01937-01 (22nd Jud. Cir. 2006)). However, the Missouri Court of Appeals denied Plaintiff's habeas petition the next day. There is no indication in the record that the petition was denied due to lack of timeliness. Instead, it appears that it was summarily denied because Plaintiff had already filed at least one previous habeas petition concerning the same criminal matter. *See Graves v. Blair*, No. ED110143 (Mo. Ct. App. E.D. filed Nov. 29, 2021) (contesting his 2006 conviction and sentence for first degree murder and armed criminal action from *State v. Graves*, No. 22051-01937-01 (22nd Jud. Cir. 2006)). As such, Plaintiff presents no evidence, nor can the Court find any evidence in the state court records, that Plaintiff suffered an injury to a "viable legal claim." See *Sabers*, 100 F.3d at 84.

Plaintiff has not plead an actual injury, as required for a due process access-to-courts claim to survive initial review.  Plaintiff's access-to-courts claims against all defendants fail to state a claim upon which relief may be granted and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.  See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $5.40 by **January 19, 2024**.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.  See 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendants Unknown Zandlo, D. Rhives, and David Vandergriff are **DISMISSED without prejudice**.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of December, 2023.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**